IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

FAUSTINO DIAZ, JR.          §
     v.                            §
                        §          C.A. NO. C-10-185
                        §
TEXAS BD. OF PARDONS &       §
PAROLES, ET AL.             §

## MEMORANDUM AND RECOMMENDATION TO
## GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas.  (D.E. 1).  On June 1, 2010, he filed this pro se habeas corpus petition, alleging that the Texas Board of Pardons and Paroles ("the Board") violated its statutory duty to provide individualized review of his progress toward parole eligibility.  (D.E. 1, 13).  Pending is Respondent's motion for summary judgment.  (D.E. 17).  Petitioner has failed to file a response.[1]  For the reasons stated herein, it is respectfully recommended that Respondent's motion for summary judgment be granted and this habeas action be dismissed.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson,

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

235 F.3d 959, 961-62 (5th Cir. 2002).  Petitioner is confined in Beeville, Texas.

(D.E. 1).  Jurisdiction is, therefore, proper in this Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

On May 25, 2001, Petitioner was convicted of driving while intoxicated with

three prior felonies and was sentenced to thirty-five years in prison.  (D.E. 17-2, at

2).  Respondent has submitted records detailing the history of parole decisions

made concerning Petitioner since he has been incarcerated.  (D.E. 17-3, at 2-5).

According to those records, Petitioner was denied parole on September 14, 2007;

August 7, 2008; July 24, 2009; and August 2, 2010.  Id.  Petitioner has not

specified the dates of the parole decisions he is challenging in his original or

amended complaint.  The parole forms he has submitted, though difficult to read in

parts, seem to confirm the dates suggested by Respondent.  (D.E. 1, at 13-17; D.E.

13, at 7).

Each parole denial letter begins with a prefatory sentence informing the

recipient that he has "been denied parole for the reason(s) listed below: One or

more components indicated in each paragraph listed below may apply, but only

one is required."  (D.E. 17-3, at 2-5).  The letters then detail the specific reasons

for the parole denial, by quoting in full, particular provisions of the regulations

guiding parole decisions.  Id.  In Petitioner's case, from 2007 through 2010 the

Board relied on various combinations of five separate provisions.  Id.  Each letter

includes an explanation classified as 1D, a list of potential conduct that includes no

less than seven either/or clauses.  Id.  This provision accuses Petitioner of either

being involved in "repeated[] ... criminal episodes or ... a pattern of similar

offenses ... or ... [being] a leader or active participant in gang or organized criminal

activity ... or the record indicates a juvenile or an adult arrest or investigation for

felony and misdemeanor offenses."  Id. (emphasis added).  Each letter also

includes a justification for the denial of parole under the heading 3D, which notes

that "[t]he record indicates excessive drug or alcohol involvement which includes

possession, use or delivery in the instant offense or criminal history."  Id.

The letters differ with respect to the other reasons supplied for the denial of

parole.  In the September 14, 2007 letter, the earliest form offered, the Board

observed under the heading 10D: "poor past SUFV record."  (D.E. 17-3, at 2).  In

the August 7, 2008 letter, the Board included only 1D and 3D.  Id. at 3.  The Board

added 7D on July 24, 2009, which explains that Petitioner's "length of time served

... is not congruent with [his] offense severity and criminal history."  Id. at 3-4.

Finally, on August 2, 2010, the denial letter closes with 5D: "The record indicates

unsuccessful periods of supervision on previous probation, parole, or mandatory

supervision that resulted in incarceration, including parole-in-absentia

revocations." Id. at 5.  10D, 7D and 5D each appear only once in the sequence of letters.

## III.  PETITIONER'S ALLEGATIONS

Petitioner alleges that the Board is compelled by law to offer an individualized explanation to inmates when adverse parole determinations are made.  (D.E. 13, at 1-2).  He argues that the Board fell short of that duty when it merely sent him form letters restating vague and ambiguous rationales for the decisions, thereby ignoring the steps he had taken to make himself eligible for early release.  Id. at 2.

## IV.  DISCUSSION

Respondent seeks summary judgment and dismissal of the petition on the grounds that Petitioner's claims are partially time-barred and wholly unexhausted. (D.E. 17, at 5-11).  In the alternative, Respondent argues that Petitioner's claims fail on the merits, because the legislative amendment on which he grounds his challenge did not create a protected liberty interest.  Id. at 11-14.

**A.     The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of

4

material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ.

P. 56(c).  Courts must consider the record as a whole, including all pleadings,

depositions, affidavits, interrogatories and admissions on file, in the light most

favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451

(5th Cir. 2002) (citations omitted).

      The party seeking summary judgment bears the initial burden of

demonstrating the absence of a genuine issue of material fact and informing the

court of the basis for its motion by identifying those portions of the pleadings,

depositions, answers to interrogatories, admissions on file, and affidavits, if any,

which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986);

Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988) (citation omitted).  Any

controverted evidence must be viewed in the light most favorable to the non-

movant, and all reasonable doubts must be resolved against the moving party.  See

Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Williams, 836 F.2d at

960 (citation omitted).

      If the moving party makes the required showing, then the burden shifts to

the non-movant to show that a genuine issue of material fact remains for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986);

Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation

omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.    Petitioner's Claim Is Not Time-Barred.**

Respondent contends that Petitioner filed his claim outside the permissible time period with respect to his challenge to the parole decisions made on September 14, 2007 and August 7, 2008.  (D.E. 17, 5-9).  Specifically, he argues that Petitioner had one year from learning of the Board's decisions to attack them, and that challenges to actions taken before June 1, 2009 are therefore time-barred. Id. at 5-7.  In addition, Respondent asserts that Petitioner is not saved by equitable tolling because he failed to diligently pursue his claims and because no extraordinary circumstances prevented the timely exercise of his rights.  Id. at 7-9.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year limitations period for filing a federal habeas petition in district court by a

person in custody pursuant to the judgment of a state court.  28 U.S.C.

§ 2244(d)(1).  That period runs from the latest of four alternative dates:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  Nevertheless, certain actions will toll the limitation period.  For example, a

prisoner may not be granted federal habeas relief unless he has first sought state

habeas review and been denied relief.  28 U.S.C. § 2254(b)(1).  While a prisoner

seeks that state review, the AEDPA one-year period will be tolled:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The beginning of Petitioner's AEDPA statute of limitations must be determined by applying § 2244(d)(1).  The limitations period concerning Petitioner's claim is governed by subsection D.  See Goodwin v. Dretke, 150 F. App'x 295, 298 (5th Cir. 2005) (per curiam) (unpublished) ("for limitations purposes, subpart (D) governs the timeliness *vel non* of the filing of claims predicated on parole decisions.").

Petitioner is not attacking the parole decisions themselves, but rather their failure to provide him with a personalized assessment of his eligibility for early release.  He indicates that he only became cognizant of the completely depersonalized nature of parole review when he was given access to parole denial letters sent to other inmates.  (D.E. 13, at 9-10).  The letters he provides from other prisoners were issued in 2010, suggesting that Petitioner did not become aware that he was receiving nearly identical letters to other inmates with differing criminal records and differing prison histories until that year.  Id.  Assuming the truth of Petitioner's allegations for summary judgment purposes, there is dispute regarding a material fact.  Respondent has not provided any evidence to the contrary.

Accordingly, it is respectfully recommended that Respondent has failed to

meet his burden in demonstrating that Petitioner's claim is not time-barred.[2]

**C.      Petitioner Has Failed To Exhaust His State Remedies.**

Respondent argues that Petitioner's claims are entirely unexhausted because he never pursued his challenge in the state courts.  (D.E. 17, at 9-10).  A federal writ of habeas corpus from an inmate in state custody shall not be granted unless the inmate has exhausted his remedies at law in the state courts, or there is an absence of state court remedies or circumstances that render state remedies insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Carter v. Estelle, 677 F.2d 427, 443-44 (5th Cir. 1982).

For claims that are properly addressed not in Texas state courts, but instead by administrative bodies, the petitioner must pursue his claims through the administrative appeals process in order to properly exhaust his state remedies.

---

[2] In any event, it is unclear what import Respondent ascribes to the allegedly time-barred status of Petitioner's challenges to the parole denials from 2007 and 2008.  The only specific remedies Petitioner requests are a declaratory judgment, an inspection of the parole files, and an injunction against the Board's actions.  (D.E. 13, at 2).  He does not seem to be seeking a reversal of the parole decisions themselves.  It is therefore irrelevant whether separate challenges to the parole denials would be time-barred, because the real relief Petitioner seeks is for the Board to give him in the future the individualized review that he believes himself entitled to under the law.  Previous parole denials, whatever their dates, are at the very least clearly relevant as evidence to indicate the accuracy of his claim.

Certain types of challenges to early-release decisions are redressable through the judiciary.  See, e.g., Ex Parte Palomo, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (en banc) (challenge to award of good time credit properly pursued through administrative channels, not habeas petition).  Moreover, the Texas Court of Criminal Appeals has held that "all inmates who are denied parole ... may request further review by the Board."  Ex Parte Geiken, 28 S.W.3d 553, 559 (Tex. Crim. App. 2000) (en banc).  In addition, the decision to keep an inmate in confinement, even though he is eligible for parole, is not subject to judicial review.  Id. at 556 (citation omitted).

However, other categories of complaints with Board actions are cognizable as habeas petitions in the Texas state courts.  In particular, the Texas Court of Criminal Appeals has held that even where decisions made by the Board lie outside the purview of the courts, the process by which the Board makes those decisions are suitable targets of state habeas actions.  Id. at 557 (citations omitted).  Petitioner's challenge is one such action.  In a recent district court case, an inmate raised, inter alia, the allegations that the Texas Parole Board was "providing notice of parole denials that do not comply with [the amended text of] Texas Government Code Section 508.144," citing inaccurate and unsubstantiated explanations for the denials, and "repeatedly using reasons 1D, 5D and 3D, factors beyond Petitioner's

ability to control."  Hazel v. Thaler, No. A-09-CA-159-SS, 2010 WL 1170623, at

*1 (W.D. Tex. Mar. 23, 2010) (unpublished).  The court found, with the agreement

of both parties, that Petitioner had properly exhausted his claims in state court prior

to seeking federal review.  Id. at *2 ("A review of the state court records submitted

by Respondent shows that Petitioner has properly raised these claims in previous

state court proceedings."); see also Gonzales v. Quarterman, No. H-08-2627, 2009

WL 2215001, at *1 (S.D. Tex. July 22, 2009) (noting that petitioner who

challenged "Board's failure to comply with the amended Parole Guidelines" had

appropriately taken his complaint to the state courts).

      Petitioner essentially claims that the Board failed to follow mandatory

procedural guidelines in neglecting to give his parole status an individualized

review and explanation.  Given the nature of his claim, his complaint should have

been heard by the Texas courts before it was filed in federal court.  Respondent

asserts that there are no records indicating Petitioner has sought review of his claim

by the Texas judiciary.  (D.E. 17, at 10).  He has submitted an affidavit, signed by

the clerk of the Texas Court of Criminal Appeals, attesting to same.  (D.E. 17-1, at

2).  Petitioner does not challenge this affidavit.  Moreover, he has not demonstrated

that he sought review in the state courts, let alone provided any evidence that he

has.  Consequently, he has not exhausted his state court remedies.

Finally, the Fifth Circuit has explained that in extraordinary circumstances the exhaustion requirement may be inapplicable.  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).  Petitioner does not raise any extraordinary circumstances in his filings.  Moreover, a review of the record as a whole does not reveal any.  It is possible that Petitioner believed an administrative appeal to the Board was the proper vehicle for his challenge.  Nevertheless, this belief was not the result of state remedies being unavailable or futile, and thus does not rise to the level of an extraordinary circumstance.  Id.

Accordingly, it is respectfully recommended that Petitioner's challenge was the proper subject of a state habeas petition, that he failed to pursue it in the Texas courts, and that his claim should therefore be dismissed as unexhausted.

**D.     Petitioner's Claim Fails To Invoke A Protected Liberty Interest.**

Respondent asserts that Petitioner's claim fails on the merits because the legislative amendment on which he bases his challenge did not create a protected liberty interest for purposes of federal habeas review.  (D.E. 17, at 11-14).  In essence, he argues that the amendment did not change the core nature of parole, as a privilege rather than a right, and that Petitioner therefore cannot rely on the revisions made by the Texas legislature to parole as the basis for his petition.  Id.

As a general matter, courts have rejected habeas petitions designed to force

parole boards to provide fuller, more individualized explanations for denying early release to inmates.  See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 15 (1979) ("we find nothing in the due process concepts as they have thus far evolved that requires the Parole Board to specify the particular 'evidence' in the inmate's file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release"); Boss v. Quarterman, 552 F.3d 425, 427-30 (5th Cir. 2008) (affirming dismissal of habeas petition where petitioner challenged Texas Board of Pardons and Paroles' failure to provide evidence to support denial of mandatory supervision).

Furthermore, the Fifth Circuit has determined that "[b]ecause it is entirely speculative whether a prisoner will be released on parole ... there is no constitutional expectancy of parole in Texas."  Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) (quoting Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997)); see also Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam) (citations omitted) (petitioner has no liberty interest in obtaining parole in Texas).  The 2007 amendment on which Petitioner bases his claim did not change the fundamental nature of parole for Texas state prisoners, given the rejection of other claims based on the amendments.  See, e.g., Hazel, 2010 WL 1170623, at *2; Gonzales, 2009 WL 2215001, at *1.

The language of the amendments themselves supports these decisions.
<u>Compare</u> Tex. Gov't Code § 508.144 (2006) <u>with</u> Tex. Gov't Code § 508.144
(2010).  In pertinent part, the law requires the Board to "ensure that the guidelines
require consideration of an inmate's progress in any programs in which the inmate
participated during the inmate's term of confinement."  Acts of May 28, 2007, 80th
Leg.; R.S., Ch. 1308, § 39, 2007 Tex. Gen. Laws 4409.  This requirement does not
create any entitlement on the part of a prisoner to release on parole if he completes
particular programs, nor does it compel the Board to explain to inmates how their
program enrollment has affected the parole decision, if at all.  The only other
relevant clause added by the legislature in 2007 instructs the Board to provide a
detailed explanation to inmates when it deviates from the guidelines.  <u>Id.</u>  As with
the language quoted above, this provision does not avail Petitioner because he has
not demonstrated that there has been any violation of the parole guidelines.  The
fact that the Board only perfunctorily justified its decision to deny Petitioner parole
sheds no light on whether it followed the proper procedures in making its
determination.  More importantly, these revisions do not change the discretionary
nature of parole, and therefore do not vest inmates with a liberty interest where it
was well-established that they had none previously.

Accordingly, it is respectfully recommended that Petitioner fails to invoke a

protected liberty interest.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled would be repetitious."  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## VI.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that

Respondent's motion for summary judgment, (D.E. 17), be granted and this habeas

petition, (D.E. 1), be dismissed.  Additionally, it is respectfully recommended that

Petitioner be denied a certificate of appealability.

Respectfully submitted this 15th day of November 2010.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).